UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

DENNIS J. LEEK,   Case No. 8:11-bk-04846-CED
   Chapter 7

   Debtor.
_____/

## MOTION OF CARON BALKANY, AS TRUSTEE FOR RELIEF FROM THE AUTOMATIC STAY

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 801 N. Florida Avenue, Suite 727, Tampa, Florida 33602-3899, and serve a copy on the movant's attorney, W. Patrick Ayers, Esq., ARNSTEIN & LEHR LLP, 302 Knights Run Avenue, Suite 1100, Tampa, Florida 33602 and any other appropriate persons.

If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

CARON BALKANY, as Trustee of the CARON BALKANY PENSION PLAN ("Balkany"), a secured creditor of the Debtor, pursuant to 11 U.S.C. § 362(d)(1), moves this Court to modify the automatic stay to permit her to enforce her *in rem* rights against certain property of the estate, and in support of this motion, states as follows.

1. The Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, on March 17, 2011 ("Petition Date"). Susan K. Woodard has been appointed Trustee of the Debtor' estate.

2.  Prior to the Petition Date, as set forth in the Affidavit of Caron Balkany filed in support of this motion, the Debtor was indebted to Balkany, as successor to Money Consultants, Inc., by a written Assignment of Mortgage ("Assignment") and an Allonge transferring and endorsing a Promissory Note dated as of March 29, 2007 in the principal amount of $185,000.00 executed and delivered by the Debtor ("Note") and secured by the Mortgage encumbering certain non-homestead real property owned by Debtor and located at 5745 Acropolis Lane, New Port Richey, Pasco County, Florida 34653 legally described as follows ("Property"):

**See Exhibit "A" attached and incorporated herein.**

3.  The Mortgage was recorded on April 2, 2007 in O.R. Book 7446, at Page 862 of the Public Records of Pasco County, Florida and is a first priority lien on the Property. True and correct copies of the Note, Mortgage and Assignment are annexed as Exhibits B, C and D, respectively.

4.  Balkany is the owner and holder of the Note and Mortgage.

5.  Cause exists for relief from the automatic stay. Prior to the Petition Date, Debtor defaulted under the Note by failing to pay the monthly payments when due. The Debtor now owes Balkany the principal balance of $185,000.00 under the Note, plus interest, costs and attorneys' fees.

6.  In addition, while the Property is not the Debtor's homestead property and is not scheduled as exempt, the Debtor filed his Statement of Intentions indicating his intent to surrender the Property, which is a vacant lot. See D.E. #1, Statement of Intentions attached as Exhibit E.

7.   For all of these reasons, "cause" exists for modifying the stay in favor of Balkany to enforce her *in rem* rights against the Property.

WHEREFORE, CARON BALKANY, as Trustee of the CARON BALKANY PENSION PLAN respectfully requests this Court enter an order modifying the automatic stay imposed by 11 *U.S.C. § 362* to allow it to enforce its *in rem* rights against the Property, and grant such other relief as is appropriate.

**Respectfully submitted,**

**ARNSTEIN & LEHR LLP**
Counsel for CARON BALKANY, as Trustee
302 Knights Run Avenue, Suite 1100
Tampa, Florida 33602
Telephone: 813-254-1400
Facsimile: 813-254-5324

/s/ W. Patrick Ayers
W. Patrick Ayers
Florida Bar No. 615625
wpayers@arnstein.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2011, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or parties of record, either

(a)   Via Electronic Filing generated by CM/ECF to:

Glenn E. Gallagher, Esq., Attorney for Debtor
Susan K. Woodard, Chapter 7 Trustee
Office of U.S. Trustee

and

3

*In re Dennis J. Leek, Case No. 8:11-bk-04846-CED*

**(b)** Via U.S. mail to:

        **Dennis J. Leek**, Debtor
        P.O. Box 1286
        New Port Richey, Florida 34656

        /s/ W. Patrick Ayers
        W. Patrick Ayers

THE NORTH 165.0 FEET OF THE EAST 265.0 FEET OF TRACT 20, PORT
RICHEY LAND COMPANY SUBDIVISION OF SECTION 10, TOWNSHIP 26
SOUTH, RANGE 16 EAST, AS SHOWN ON PLAT RECORDED IN PLAT BOOK 1,
PAGE 61 OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA. THE
EASTERLY 15.0 FEET SUBJECT TO THE ORIGINAL PORT RICHEY LAND
COMPANY SUBDIVISION RIGHT-OF-WAY. ALSO THE SOUTH 25.0 FEET AND
THE WEST 10.0 FEET OF THE EAST 25.0 FEET OF THE ABOVE DESCRIBED
PROPERTY, SUBJECT TO AN EASEMENT.FOR DRAINAGE, UTILITIES, INGRESS
AND EGRESS.

AND

A PORTION OF TRACT 20, PORT RICHEY LAND COMPANY SUBDIVISION OF.
SECTION 10, TOWNSHIP 26 SOUTH, RANGE 16 EAST, AS SHOWN ON PLAT
RECORDED IN PLAT BOOK 1, PAGE 61 OF THE PUBLIC RECORDS OF PASCO
COUNTY, FLORIDA, BEING MORE FULLY DESCRIBED AS FOLLOWS: FOR A
POINT OF REFERENCE COMMENCE AT THE NORTHEAST CORNER OF SAID TRACT 20,
SAID POINT BEING ON THE CENTERLINE OF THE OLD ORIGINAL PORT RICHEY
LAND COMPANY SUBDIVISION RIGHT-OF-WAY; THENCE RUN NORTH 89°31'36"
WEST ALONG THE NORTHERLY BOUNDARY OF SAID TRACT 20, 265.00 FEET TO
THE POINT OF BEGINNING; THENCE SOUTH 00°12'49" WEST, 330.47 FEET TO
A POINT ON THE SOUTHERLY BOUNDARY OF SAID TRACT 20; THENCE NORTH
89°30'15" WEST ALONG SAID SOUTHERLY BOUNDARY, 778.51 FEET; THENCE
NORTH 00°03'32" WEST, 330.16 FEET TO A POINT ON SAID NORTHERLY
BOUNDARY; THENCE SOUTH 89°31'36" EAST ALONG SAID NORTHERLY BOUNDARY,
780.07 FEET TO THE POINT OF BEGINNING.

ALONG with the perpetual rights to use the following described
drainage, utility, ingress and egress easement:
Being a portion of Tract 20 of the Port Richey Land Company Subdivision
of Section 10, Township 26 South, Range 16 East, as shown on plat
recorded in Plat Book 1, Page 61 of the Public Records of Pasco County,
Florida, being more fully described:
FOR A POINT OF REFERENCE commence at the Northeast corner of said
Tract 20, said point being on the centerline of the old original
Port Richey Land Company Subdivision right-of-way; thence run
N 89°31'36" W along the Northerly boundary of said Tract 20, 265.00 feet;
thence go S 00°12'49" W, 165.00 feet to the Point of Beginning;
thence run S 89°31'36" E, 250.0 feet to a Point on the Westerly
right-of-way line of the original Port Richey Land Company Subdivision
right-of-way; thence S 00°12'49" W along said right-of-way 165.55 feet
to a point on the Southerly boundary of said Tract 20; thence
N 89°30'15" W along said Southerly boundary 10.00 feet; thence
N 00°12'49" E, 140.54 feet; thence N 89°31'36" W, 240.00 feet;
thence N 00°12'49" E, 25.00 feet to the Point of Beginning. The
purpose of the granting of this easement is to provide along with the
25.00 foot wide portion of the easement described in Official Record
Book 990, Page 585 of the Public Records of Pasco County, Florida
a 50.00 foot wide perpetual, nonexclusive drainage, utility,
ingress and egress easement of the above described parcel.

Together with that certain 1998, REGE, N16913A, Title # 74266048; 19987 REGE N16913B, Title # 74266049
said Certificate of Title(s) has/have been Retired as provided in §319.261 Florida Statutes, therefore shall constitute
a part of the realty and shall pass with it.



EXHIBIT A

BALLOON
MORTGAGE NOTE

NEW PORT RICHEY, FLORIDA
MARCH 29, 2007

$185,000.00

FOR VALUE RECEIVED, the undersigned, (jointly and severally, if more than one) promises to pay to MONEY CONSULTANTS, INC., A Florida Corporation, or order, in the manner hereinafter specified, the principal sum of ONE HUNDRED EIGHTY FIVE THOUSAND and NO/100 DOLLARS ($185,000.00), with interest from date at the rate of 10.900% per cent, per annum on the balance from time to time remaining unpaid. The said principal and interest shall be payable in lawful money of the United States of America at 5905 Beneva Road, Sarasota, Florida 34238 or at such place as may hereafter be designated by written notice from the holder to the maker hereof, on the date and in the manner following:

IN EQUAL MONTHLY INSTALLMENTS OF $1,680.42, WHICH IS INTEREST ONLY, COMMENCING ON APRIL 29, 2007, AND CONTINUING ON THE TWENTY-NINTH (29TH) DAY OF EACH MONTH THEREAFTER UNTIL MARCH 29, 2012, AT WHICH TIME ALL UNPAID PRINCIPAL AND ANY INTEREST ACCRUED THEREON SHALL BECOME DUE AND PAYABLE.

PREPAYMENT PENALTY:
IF THE UNDERSIGNED MAKES ANY PREPAYMENT OF THE PRINCIPAL BALANCE OF THIS NOTE DURING THE FIRST 12 MONTHS OF THE TERM, THERE SHALL BE A PREPAYMENT PENALTY OF 3.00% OF ANY PRINCIPAL PREPAYMENT. IF PREPAYMENT IS MADE AFTER THE FIRST 12 MONTHS THERE SHALL BE NO PREPAYMENT PENALTY PROVIDED THE UNDERSIGNED SHALL NOTIFY THE HOLDER HEREOF, IN WRITING, 30 DAYS PRIOR TO TENDERING ANY SUCH PREPAYMENT. IN THE EVENT THE UNDERSIGNED DOES NOT PROVIDE SAID WRITTEN NOTICE, THE UNDERSIGNED SHALL PAY TO THE HOLDER HEREOF A PREPAYMENT PENALTY OF 3.00% OF ANY PRINCIPAL PREPAYMENT. DEFAULT RESULTING IN ACCELERATION OF THE PRINCIPAL BALANCE DUE HEREUNDER SHALL BE CONSTRUED TO CONSTITUTE PREPAYMENT.

LATE CHARGE CLAUSE:
THE UNDERSIGNED SHALL PAY TO THE HOLDER HEREOF A LATE CHARGE OF $30.00 OR 10.00% OF ANY MONTHLY INSTALLMENT NOT POSTMARKED BY THE HOLDER HEREOF WITHIN 5 DAYS AFTER THE INSTALLMENT IS DUE, WHICHEVER IS GREATER.

RETURN CHECK CLAUSE:
THE UNDERSIGNED WILL ALSO BE CHARGED A FEE OF $30.00 FOR ANY CHECK THAT IS RETURNED AS INSUFFICIENT FUNDS TO THE HOLDER HEREOF. SUCH PREPAYMENT WILL BE DUE AND PAYABLE IMMEDIATELY UPON NOTIFICATION OF SUCH CHECK RETURN.

THE UNDERSIGNED AGREES TO PROVIDE PROOF OF PAYMENT OF HAZARD INSURANCE (Paid on a yearly basis) AND REAL ESTATE TAXES EACH YEAR TO THE HOLDER HEREOF.

THIS NOTE WITH INTEREST IS SECURED BY A MORTGAGE ON REAL ESTATE, OF EVEN DATE HEREWITH, MADE BY THE MAKER HEREOF IN FAVOR OF THE SAID PAYEE, AND SHALL BE CONSTRUED AND ENFORCED ACCORDING TO THE LAWS OF THE STATE OF FLORIDA.

IF DEFAULT BE MADE IN THE PAYMENT OF ANY OF THE SUMS OR INTEREST MENTIONED HEREIN OR IN SAID MORTGAGE, OR IN THE PERFORMANCE OF ANY OF THE AGREEMENTS CONTAINED HEREIN OR IN SAID MORTGAGE, THEN THE ENTIRE PRINCIPAL SUM AND ACCRUED INTEREST SHALL AT THE OPTION OF THE HOLDER HEREOF BECOME AT ONCE DUE AND COLLECTIBLE WITHOUT NOTICE, TIME BEING OF THE ESSENCE; AND SAID PRINCIPAL SUM AND ACCRUED INTEREST SHALL BOTH BEAR INTEREST FROM SUCH TIME UNTIL PAID AT THE HIGHEST RATE ALLOWABLE UNDER THE LAWS OF THE STATE OF FLORIDA, AND ANY JUDGMENT ENTERED ON THIS NOTE OR THE MORTGAGE EXECUTED SIMULTANEOUS HEREWITH SHALL BE CHARGED INTEREST AT THE HIGHEST RATE ALLOWED BY LAW. FAILURE TO EXERCISE THIS OPTION SHALL NOT CONSTITUTE A WAVIER OF THE RIGHT TO EXERCISE THE SAME IN THE EVENT OF ANY SUBSEQUENT DEFAULT.

EACH PERSON LIABLE HEREON WHETHER MAKER OR ENDORSER, HEREBY WAIVES PRESENTMENT, PROTEST, NOTICE, NOTICE OF PROTEST AND NOTICE OF DISHONOR AND AGREES TO PAY ALL COSTS, INCLUDING A REASONABLE ATTORNEY'S FEE, WHETHER SUIT BE BROUGHT OR NOT, IF AFTER MATURITY OF THIS NOTE OR DEFAULT HEREUNDER, OR UNDER SAID MORTGAGE, COUNSEL SHALL BE EMPLOYED TO COLLECT THIS NOTE OR TO PROTECT THE SECURITY OF SAID MORTGAGE.

WHENEVER USED HEREIN THE TERMS "HOLDER", "MAKER" AND "PAYEE" SHALL BE CONSTRUED IN THE SINGULAR OR PLURAL AS THE CONTEXT MAY REQUIRE OR ADMIT.

MAKERS ADDRESS:  8311 RIDER DRIVE, NEW PORT RICHEY, FLORIDA 34652

_____
DENNIS J. LEEK

EXHIBIT B

## ALLONGE

**FOR VALUE RECEIVED,** the undersigned ("Assignor") hereby endorses, transfers and assigns to **Caron Balkany, Trustee of Caron Balkany Pension Plan,** hereinafter referred to as the "Assignee" all of Assignor's right, title and interest in and to the Promissory Note dated March 29, 2007, in the original principal sum of $185,000.00, from Dennis J. Leek, hereinafter referred to as "Borrower", together with all sums due or to become due thereunder, without warranty and recourse.

**IN WITNESS WHEREOF,** this Allonge has been executed and attached to the foregoing Promissory Note as of the 22nd day of May, 2007.

                                            **MONEY CONSULTANTS, INC.,**
                                            **a Florida Corporation**

                                            By: _____ PRES.
                                                  Michael L. Christner
                                                  President

*(Corporate Seal: MONEY CONSULTANTS CORPORATE SEAL 1979 FLORIDA)*

Prepared by: T. Pitzer
Money Consultants, Inc.
5905 Beneva Road
Sarasota, Florida 34238

2007058237

Rcpt 1087872  Reg: 44 00
DS: 647.50   I: 370 00
04/02/07     Dpty Clerk

Waller
5332 Main St.
N.P.R. FL 34652

5/8

# First Mortgage

JED PITTMAN  PASCO COUNTY CLERK
04/02/07 03:46pm  1 of 5
OR BK **7446** PG **862**

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE
DUE UPON MATURITY IS $186,680.42, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL
ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

DATE:                        MARCH 29, 2007

MORTGAGOR:                   DENNIS J. LEEK, A SINGLE MAN
                             8311 RIDER DRIVE
                             NEW PORT RICHEY, FLORIDA 34652

MORTGAGEE:                   MONEY CONSULTANTS, INC.
                             A FLORIDA CORPORATION
                             5905 BENEVA ROAD
                             SARASOTA, FLORIDA  34238
                             LOAN #04607

INITIAL SECURED INDEBTEDNESS:            $185,000.00

DATE FINAL PAYMENT DUE:                  MARCH 29, 2012

MAXIMUM PRINCIPAL INDEBTEDNESS,
INCLUDING FUTURE ADVANCES:               $185,000.00

MORTGAGED PROPERTY:          (PASCO COUNTY, FLORIDA)

SEE ATTACHED EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF:

THIS IS NOT THE HOMESTEAD OF THE MORTGAGOR OR HIS FAMILY, NOR IS IT
CONTIGUOUS TO THE HOMESTEAD OF THE MORTGAGOR OR HIS FAMILY.

Together with and including a 1998 REGE Mobile Home ID# N16913A, Florida Title Number
#74266048 and 1998 REGE Mobile Home ID# N16913B, Title Number #74266049

Subject to easements, restrictions and reservations of record not coupled with a right
of reverter and taxes for the current year.

   1. MORTGAGE. In consideration of Ten Dollars and other valuable
considerations received by Mortgagor (named above), Mortgagor hereby, on the date
stated above, mortgages to Mortgagee (named above) the mortgaged property described
herein, for the purposes identified below.

   2. SECURED INDEBTEDNESS: FUTURE ADVANCES. This mortgage shall secure (a) the
initial indebtedness of Mortgagor (and each of them, if more than one) to Mortgagee,
as evidenced by a negotiable Promissory Note of even date herewith, executed by
Mortgagor and payable to Mortgagee, in the amount specified above, (b) any future
advances made by Mortgagee to Mortgagor (or any of them, if more than one), and (c)
all other indebtedness of Mortgagor (and each of them, if more than one) to Mortgagee,
however and wherever incurred or evidenced, whether primary, secondary, direct,
indirect, absolute, contingent, sole, joint or several, due or to become due, or which
may be hereafter contracted or acquired, whether arising in the ordinary course of
business or otherwise. The total amount of indebtedness secured hereby may decrease
or increase from time to time, but the total unpaid balance so secured at any one time
shall not exceed the maximum principal amount specified above, plus interest thereon,
and any disbursements made for the payment of taxes, levies, or insurance on the
mortgaged property, and for maintenance, repair, protection, and preservation of the
mortgaged property, with interest on such disbursements, all as provided in this
mortgage. This mortgage shall not secure any future advances made more than twenty
years from the date hereof.

   3. PAYMENT OF SECURED INDEBTEDNESS. Mortgagor shall pay all indebtedness and
perform all obligations secured hereby promptly when due. However, if any party
signing this Mortgage has not executed, endorsed, or guaranteed any promissory note or
notes secured by this mortgage, then such party shall have no personal liability under
or in connection with such promissory note or notes.

   4. TITLE COVENANTS. Mortgagor covenants that the mortgaged property is free
from all encumbrances (other than this mortgage) except as may be specifically stated
herein, that lawful seisin of and good right to encumber the mortgaged property are
vested in Mortgagor, and the Mortgagor hereby fully warrants the title to the
mortgaged property and will defend the same against the lawful claims of all persons
whomsoever.

EXHIBIT
**C**

5. **IMPROVEMENTS, FIXTURES, ETC.** This mortgage extends to and shall encumber all buildings, improvements, fixtures or appurtenances now or hereafter erected or existing upon the mortgaged property, including all elevators and all gas, steam, electric, water, cooking, refrigerating, lighting, plumbing, heating, air conditioning, ventilation, and power systems, machines, appliances, fixtures, and appurtenances, even though they may be detached or detachable, all of which shall be deemed part of the mortgaged property.

6. **MAINTENANCE AND REPAIR.** Mortgagor shall permit, commit, or suffer no waste, impairment, or deterioration of the mortgaged property. Mortgagor shall maintain the mortgaged property in good condition and repair. If Mortgagor fails to do so, then Mortgagee, without waiving the option to foreclose, may take some or all measures that Mortgagee reasonably deems necessary or desirable for the maintenance, repair, preservation, or protection of the mortgaged property, and any expenses reasonably incurred by Mortgagee in doing so shall become part of the indebtedness secured hereby, shall, at the option of the Mortgagee, become immediately due and payable, and shall bear interest at the highest lawful rate specified in any note evidencing any indebtedness secured hereby. Mortgagee shall have no obligation to care for and maintain the mortgaged property, or having taken some measures therefore, to continue the same or take other measures. If this mortgage covers a unit in a condominium or a planned unit development, Mortgagor shall perform all of Mortgagor's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the bylaws and regulations of the condominium or planned unit development and constituent documents.

7. **HAZARD INSURANCE.** If any buildings now or hereafter constitute part of the mortgaged property, Mortgagor shall keep the same insured against loss or damage by fire and other hazards included within the term "extended coverage," and against such other hazards as Mortgagee may require, in the full insurable value thereof (or such lesser amount as Mortgagee may authorize in writing), with an insurer of high financial reputation and to which Mortgagee has no reasonable objection. The policy or policies of insurance shall contain a standard mortgagee clause in favor of Mortgagee and shall be delivered to Mortgagee. Mortgagor shall pay all premiums and charges for the maintenance and renewal of the insurance, and shall furnish Mortgagee with receipts and proofs thereof not less than ten days before the expiration thereof, without notice or demand from Mortgagee. If Mortgagor fails to do so, then Mortgagee, without waiving the option to foreclose, may obtain such insurance for the protection of the Mortgagee, and any expenses reasonably incurred by Mortgagee in so doing shall become part of the indebtedness secured hereby, shall, at the option of Mortgagee, become immediately due and payable, and shall bear interest at the highest lawful rate specified in any note evidencing any indebtedness secured hereby. In the event of loss, the insurance proceeds shall be applied by Mortgagee to the reduction of the indebtedness secured hereby, or to the restoration and repair of the mortgaged property, at the option of the Mortgagee. Mortgagee shall have the full power to settle or compromise claims under all policies and to demand, receive, and receipt for all monies becoming payable thereunder. In the event of foreclosure of this mortgage or transfer of the mortgaged property in full or partial satisfaction of the indebtedness secured hereby, all interest of Mortgagor in the policy or policies of insurance (including any claim to proceeds attributable to losses theretofore occurring but not yet paid to Mortgagor) shall pass to the purchaser, grantee, or transferee.

8. **RENTS AND PROFITS.** This mortgage shall extend to and encumber all rents, issues, profits, proceeds, and revenues derived from the mortgaged property, but Mortgagor may receive the same while this mortgage is not in default.

9. **RECEIVER.** If this mortgage falls into default, Mortgagee shall be entitled to the appointment of a receiver to take charge of the mortgaged property, and the rents, issues, profits, proceeds, and revenues arising therefrom, and hold the same subject to the direction of a court of competent jurisdiction, regardless of the solvency of Mortgagor or the adequacy of the security.

10. **TAXES, ASSESSMENTS AND LIENS.** Mortgagor shall pay all taxes, assessments, liens, and other charges upon or with respect to the mortgaged property before the same become delinquent, and shall furnish Mortgagee with receipts and proofs thereof at least ten days before the last day allowed for payment free from penalty, without notice or demand from Mortgagee. If Mortgagor fails to do so, then Mortgagee, without waiving the option to foreclose, may pay the same, together with any penalty that may have accrued thereon, and with any expenses attending the same, including the reasonable charge for services of counsel, or for any person employed to aid in the discharge or in the matter of the adjustment thereof, or for advice in respect thereto, and any amounts so paid shall become part of the indebtedness secured hereby, shall, at option of Mortgagee, become immediately due and payable, and shall bear interest at the highest lawful rate specified in any note evidencing any indebtedness secured hereby.

11. **INSPECTION.** Mortgagee and Mortgagee's representatives may enter upon the mortgaged property for inspection at all reasonable times and in a reasonable manner, both before and after default.

12. **EMINENT DOMAIN.** This mortgage extends and shall encumber any judgements, awards, damages, and settlements hereafter rendered or paid and resulting from condemnation proceedings with respect to the mortgaged property or the taking of the mortgaged property or any part thereof under the power of eminent domain, and Mortgagee may require that any sums payable to Mortgagor and arising out of the power of eminent domain with respect to the property shall be applied to the indebtedness secured hereby.

13. ENFORCEMENT AND COLLECTION EXPENSES. Mortgagor shall pay all expenses, including attorney's fees, reasonably incurred by Mortgagee with respect to collection of the indebtedness secured hereby or enforcement of Mortgagee's rights hereunder (including foreclosure or other litigation expenses and also including such costs and attorney's fees as may be incurred on appeal), arising out of any default by Mortgagor, and the amount thereof shall be come part of the indebtedness secured hereby, shall, at the option of Mortgagee, become immediately due and payable, and shall bear interest at the highest lawful rate specified in any note evidencing any indebtedness secured hereby.

14. ACCELERATION UPON DEFAULT. If Mortgagor fails to pay any indebtedness secured hereby promptly within 30 days of the due date, or if Mortgagor materially breaches any other covenant herein or otherwise materially defaults hereunder, then Mortgagee may declare all indebtedness secured hereby to be accelerated and immediately due and payable. Mortgagee's failure to declare and acceleration shall not impair the right to do so in the event of a continuing or subsequent breach or default.

15. ACCELERATION UPON TRANSFER OF MORTGAGED PROPERTY. If all or any part of the mortgaged property or an interest therein is sold or transferred by Mortgagor in any manner whatsoever without Mortgagee's prior written consent, excluding (a) the creation of a purchase money security interest for household appliances; (b) a transfer by devise, descent or by operation of law upon the death of a joint tenant or pursuant to a court order entered in proceedings for the dissolution of the marriage of tenants by the entirety, directing that the mortgaged property be transferred to one of the parties thereto; or (c) the grant of any leasehold interest of three (3) years or less not containing an option to purchase, Mortgagee may, at Mortgagee's option, declare all of the sums secured by this mortgage to be accelerated and immediately due and payable. Mortgagee shall have waived such option to accelerate if, and only if, prior to the sale or transfer, Mortgagee and the person or persons to whom the property is to be sold or transferred reach agreement in writing that (I) the credit and such other matters as may be required by Mortgagee (including, without limitation, Mortgagee's approval of the skill, knowledge, ability, business performance, and experience) of such person or persons is satisfactory to Mortgagee, and (ii) the interest payable on the sums secured by this mortgage shall be at such rate as Mortgagee in its sole discretion shall determine; and (iii) Mortgagee shall have received payment of such amount as an assumption fee as Mortgagee in its sole discretion shall determine. In determining such rate or payment, or both, Mortgagee may, but is not required to, consider the Mortgagee's costs actually incurred, the creditworthiness of the transferee, the protection of Mortgagee's security, the profitability of Mortgagee's loan portfolio, or any one or more of the foregoing. Mortgagee's right to accelerate this mortgage upon any sale or transfer of the mortgaged property or any interest therein is included in this mortgage as a material inducement to Mortgagee's making the loan or loans secured hereby and has been relied upon by Mortgagee in establishing the terms and conditions thereof; accordingly, the limitations contained in this paragraph shall be strictly construed against the Mortgagor and the Mortgagor's successor(s) in interest and in favor of Mortgagee. If Mortgagee has waived the option to accelerate provided in this paragraph, and if Mortgagor's successor(s) in interest executes a written assumption agreement, in form and substance satisfactory to Mortgagee, undertaking to pay all indebtedness secured hereby and to perform all obligations set forth herein, and if Mortgagor's successor(s) in interest executes such other agreements as Mortgagee may reasonably require, Mortgagee shall release Mortgagor from all obligations under this mortgage and the note. If Mortgagee has not waived its option to accelerate as provided in this paragraph, Mortgagee may deal with the successor or successors in interest without in any way discharging or reducing Mortgagor's liability for Mortgagor's obligations secured hereby.

16. NO WAIVER. No delay by Mortgagee in exercising any option, right, or remedy hereunder or otherwise afforded by law shall waive or preclude the exercise thereof during the continuance of any breach or default hereunder. No waiver by Mortgagee of any provision, breach, or default shall be a waiver of any other provision or a consent to any subsequent breach or default.

17. DEFAULT UNDER OTHER MORTGAGES. If the mortgaged property or any part thereof is now or hereafter encumbered by any other mortgage held by Mortgagee, then, at the option of the Mortgagee, any default hereunder shall also be a default under each and all of such other mortgages, and any default under any such other mortgages shall also, at Mortgagee's option, be a default hereunder. Any default by Mortgagor in any term, covenant, or provision of any other mortgage held by any other party that may now or hereafter encumber the mortgaged property, or any part thereof, shall, at the option of the Mortgagee, also constitute a default hereunder.

18. EXTENSIONS, LENIENCIES AND RELEASES. Mortgagee may grant extensions of time for payment and other leniencies with respect to any indebtedness secured hereby, and may waive or fail to enforce any of Mortgagee's rights hereunder, and may release a portion or portions of the mortgaged property from the lien hereof, without releasing or diminishing the obligation or liability of any person constituting Mortgagor, or any guarantor or endorser.

19. SUBROGATION. Mortgagee shall be subrogated to the lien (notwithstanding its release of record) of any vendor, mortgagee, or other lienholder paid or discharged by the proceeds of any loan or advance made by Mortgagee to Mortgagor and secured hereby.

20. **RELEASE OR SATISFACTION.** Whenever there is no outstanding obligation secured hereby and no commitment to make advances, Mortgagee shall on written demand by Mortgagor give a release hereof, in recordable form.

21. **GENERAL PROVISIONS.** The singular shall include the plural and any gender shall be applicable to all genders when the context permits or implies. If more than one person constitutes Mortgagor, their covenants and obligations hereunder shall be joint and several. Mortgagee's rights expressed herein are in addition to and cumulative of any other rights and remedies provided by law. When the context permits, the terms "Mortgagor" and "Mortgagee" shall extend to and include their respective heirs, legal representatives, successors, and assigns. Any agreement hereafter made by Mortgagor and Mortgagee pursuant to this mortgage shall be superior to the rights of the holder of any intervening lien or encumbrance. Time is of the essence.

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $186,680.42, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

IN WITNESS WHEREOF, Mortgagor has executed this mortgage as of the date first stated above.

WITNESSES:                                              MORTGAGOR:

Signed, sealed and delivered in the presence of:

_____                         _____
Witness Signature                                       DENNIS J. LEEK
                                                        8311 RIDER DRIVE
                                                        NEW PORT RICHEY, FLORIDA 34652

_____
Print Witness Name

_____
Witness Signature

Judith A. Shorter
_____
Print Witness Name

_____
Witness Signature

_____
Print Witness Name

_____
Witness Signature

_____
Print Witness Name

STATE OF FLORIDA
COUNTY OF PASCO

The foregoing instrument was acknowledged before me this _29_ day of MARCH, 2007, by DENNIS J. LEEK, who is personally known to me or who has produced __D/L_____ as identification and who (did) (did not) take an oath.

JUDITH A. SHORTER
MY COMMISSION # DD 374541
EXPIRES: February 18, 2009
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC

**Judith A. Shorter**

THE NORTH 165.0 FEET OF THE EAST 265.0 FEET OF TRACT 20, PORT RICHEY LAND COMPANY SUBDIVISION OF SECTION 10, TOWNSHIP 26 SOUTH, RANGE 16 EAST, AS SHOWN ON PLAT RECORDED IN PLAT BOOK 1, PAGE 61 OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA. THE EASTERLY 15.0 FEET SUBJECT TO THE ORIGINAL PORT RICHEY LAND COMPANY SUBDIVISION RIGHT-OF-WAY. ALSO THE SOUTH 25.0 FEET AND THE WEST 10.0 FEET OF THE EAST 25.0 FEET OF THE ABOVE DESCRIBED PROPERTY, SUBJECT TO AN EASEMENT FOR DRAINAGE, UTILITIES, INGRESS AND EGRESS.

AND

A PORTION OF TRACT 20, PORT RICHEY LAND COMPANY SUBDIVISION OF SECTION 10, TOWNSHIP 26 SOUTH, RANGE 16 EAST, AS SHOWN ON PLAT RECORDED IN PLAT BOOK 1, PAGE 61 OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA, BEING MORE FULLY DESCRIBED AS FOLLOWS: FOR A POINT OF REFERENCE COMMENCE AT THE NORTHEAST CORNER OF SAID TRACT 20, SAID POINT BEING ON THE CENTERLINE OF THE OLD ORIGINAL PORT RICHEY LAND COMPANY SUBDIVISION RIGHT-OF-WAY; THENCE RUN NORTH 89°31'36" WEST ALONG THE NORTHERLY BOUNDARY OF SAID TRACT 20, 265.00 FEET TO THE POINT OF BEGINNING; THENCE SOUTH 00°12'49" WEST, 330.47 FEET TO A POINT ON THE SOUTHERLY BOUNDARY OF SAID TRACT 20; THENCE NORTH 89°30'15" WEST ALONG SAID SOUTHERLY BOUNDARY, 778.51 FEET; THENCE NORTH 00°03'32" WEST, 330.16 FEET TO A POINT ON SAID NORTHERLY BOUNDARY; THENCE SOUTH 89°31'36" EAST ALONG SAID NORTHERLY BOUNDARY, 780.07 FEET TO THE POINT OF BEGINNING.

ALONG with the perpetual rights to use the following described drainage, utility, ingress and egress easement:
Being a portion of Tract 20 of the Port Richey Land Company Subdivision of Section 10, Township 26 South, Range 16 East, as shown on plat recorded in Plat Book 1, Page 61 of the Public Records of Pasco County, Florida, being more fully described:
FOR A POINT OF REFERENCE commence at the Northeast corner of said Tract 20, said point being on the centerline of the old original Port Richey Land Company Subdivision right-of-way; thence run N 89°31'36" W along the Northerly boundary of said Tract 20, 265.00 feet; thence go S 00°12'49" W, 165.00 feet to the Point of Beginning; thence run S 89°31'36" E, 250.0 feet to a Point on the Westerly right-of-way line of the original Port Richey Land Company Subdivision right-of-way; thence S 00°12'49" W along said right-of-way 165.55 feet to a point on the Southerly boundary of said Tract 20; thence N 89°30'15" W along said Southerly boundary 10.00 feet; thence N 00°12'49" E, 140.54 feet; thence N 89°31'36" W, 240.00 feet; thence N 00°12'49" E, 25.00 feet to the Point of Beginning. The purpose of the granting of this easement is to provide along with the 25.00 foot wide portion of the easement described in Official Record Book 990, Page 585 of the Public Records of Pasco County, Florida a 50.00 foot wide perpetual, nonexclusive drainage, utility, ingress and egress easement of the above described parcel.

Together with that certain 1998, REGE, N16913A, Title # 74266048; 19987 REGE N16913B, Title # 74266049 said Certificate of Title(s) has/have been Retired as provided in §319.261 Florida Statutes, therefore shall constitute a part of the realty and shall pass with it.



Prepared by: Thomas Brown, Esq.
Money Consultants, Inc.
5905 Beneva Road
Sarasota, Florida 34238

```
2007104109
Rcpt-1108214   Rec 10.00
DS: 0.00       IT: 0.00
06/19/07            Dpty Clerk

JED PITTMAN, PASCO COUNTY CLERK
06/19/07 08:58am   1 of 1
OR BK 7537  PG 1996
```

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, MONEY CONSULTANTS, INC., A FLORIDA CORPORATION ("Assignor") the owner and holder of a mortgage executed by

Denis J. Leek, a single man,

to MONEY CONSULTANTS, INC., A FLORIDA CORPORATION, dated March 29, 2007 and recorded in Official Records, Instrument # __2007058237__, of the Public Records of **Pasco** County, Florida, (the "Mortgage") securing a Note dated March 29, 2007, (the "Note") in the original principal sum of $185,000.00, or other obligations (or both) and encumbering the real property described therein, hereby assigns and transfers to

Caron Balkany, Trustee of Caron Balkany Pension Plan

("Assignee") all of Assignor's right, title and interest in and to the Mortgage and the Note and any other obligations secured by it. Except insofar as Assignor has not previously assigned this mortgage to any other person or entity other than Assignee, this assignment is without recourse and without warranty.

To the Assignee: The Trustee shall have the powers granted pursuant to section 689.071 F.S. including without limitation the power to protect, conserve, sale, assign, release (in whole or in part the property encumbered hereby) satisfy and discharge the lien of this mortgage and/or the obligation secured hereby.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 22nd day of May, A.D., 2007.

Signed, sealed and delivered
in the presence of:

_____
Theresa Pitzer

_____
Thomas Jay Brown, Esq.

MONEY CONSULTANTS, INC.
A FLORIDA CORPORATION

BY: _____ PRES.
MICHAEL L. CHRISTNER
PRESIDENT

STATE OF FLORIDA
COUNTY OF SARASOTA

The foregoing instrument was acknowledged before me this 22nd day of May, 2007, by Michael L. Christner, President on behalf of Money Consultants, Inc., A Florida Corporation, who is personally known to me and did not take an oath.



_____
Theresa Pitzer, Notary Public


EXHIBIT D

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Middle District of Florida

In re   Dennis J Leek                                    Case No.   8:11-bk-04846
                                    Debtor(s)            Chapter    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION - AMENDED

PART A - Debts secured by property of the estate. (Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:** American Home Mtg Servicing | **Describe Property Securing Debt:** Location: 8311 Rider Dr, New Port Richey FL 34653 |

Property will be (check one):
☐ Surrendered     ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other. Explain  _Continue to make monthly payments_  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt        ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:** Caron Balkany Pension Plan | **Describe Property Securing Debt:** 5745 Acropolis Lane, New Port Richey, FL 34653 |

Property will be (check one):
■ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt        ■ Not claimed as exempt

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com         Best Case Bankruptcy


EXHIBIT E

B8 (Form 8) (12/08)  Page 2

| Property No. 3 | |
|---|---|
| Creditor's Name:<br>Citifinancial | Describe Property Securing Debt:<br>5745 Acropolis Lane, New Port Richey, FL 34653 |

Property will be (check one):
■ Surrendered      □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
□ Claimed as Exempt      ■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| Creditor's Name:<br>Pasco County Tax Collector | Describe Property Securing Debt:<br>5745 Acropolis Lane, New Port Richey, FL 34653 |

Property will be (check one):
■ Surrendered      □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
□ Claimed as Exempt      ■ Not claimed as exempt

PART B - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| Lessor's Name:<br>-NONE- | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>□ YES     □ NO |

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date __APRIL 22, 2011__      Signature __Dennis J Leek__
                                                                      Debtor

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com      Best Case Bankruptcy